Jeffrey A. Cogan, Esq.
Nevada Bar No. 4569
JEFFREY A. COGAN CHARTERED, a PLLC
1057 Whitney Ranch Drive, Suite 350
Henderson, Nevada 89014-3191
Telephone: (702) 474-4220
Facsimile: (702)474-4228
Email: jeffrey@jeffreycogan.com

Avi R. Kaufman, Esq.*
Florida Bar No. 84382
KAUFMAN P.A
237 South Dixie Highway, Floor 4
Coral Gables, Florida 33133
kaufman@kaufmanpa.com
(305) 469-5881
*Pro Hac Vice Pending

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **ERIN ROBERTSON,** individually and on behalf of all others similarly situated, | No. |
| *Plaintiff*, | **CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| **WINTRUST FINANCIAL CORPORATION D/B/A VETERANS FIRST MORTGAGE** a Utah company, | |
| *Defendant.* | |

Plaintiff Erin Robetson ("Plaintiff Robertson" or "Robertson") brings this Class Action Complaint and Demand for Jury Trial against Wintrust Financial Corporation d/b/a Veterans First Mortgage ("Defendant" or "Veterans First") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making cold calls to consumers who are registered on the National Do Not Call Registry ("DNC") and continuing to make calls to consumers after they have demanded that the calls stop.

Plaintiff seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Robertson, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Kelly Robertson is a resident of Reno, Nevada.

2. Defendant Wintrust Financial Corporation d/b/a Veterans First Mortgage is a Utah corporation. Defendant Veterans First conducts business throughout this District and other parts of the US.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 USC § 1331, as the action arises under the Telephone Consumer Protection Act, 47 USC §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because Defendant directed the wrongful conduct giving rise to this case into this District.

## INTRODUCTION

5. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government received a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 US LEXIS 3544, at *5 (US July 6, 2020).

6. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

CLASS ACTION COMPLAINT
-2-

7. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[1]

**PLAINTIFF ROBERTSON'S ALLEGATIONS**

11. Defendant Wintrust Financial Corporation does business as Veterans First Mortgage.[2]

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

13. Plaintiff's telephone number, (XXX) XXX-4337, is a non-commercial telephone number not associated with any business.

14. Plaintiff's telephone number, (XXX) XXX-4337, is used for personal residential purposes only.

15. Plaintiff's telephone number has been listed on the National Do Not Call Registry since 2023.

---

[1] https://www.veteransfirst.com/
[2] https://www.leg.state.nv.us/App/NELIS/REL/78th2015/ExhibitDocument/OpenExhibitDocument?exhibitId=10939&fileDownloadName=SB224

CLASS ACTION COMPLAINT
-3-

16. The number is a residential telephone line because it is assigned to a telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

17. Despite this, the Plaintiff received the following text message on April 29, 2024:



18. The Plaintiff is not "Igbinosa" and has no affiliation with anyone with that name.

19. The Plaintiff made no such inquiry.

20. Despite her clear stop request, Plaintiff still received telemarketing calls regarding a potential refinancing of her home.

CLASS ACTION COMPLAINT
-4-

21. These telemarketing calls occurred on May 1, 2, 17 and June 3, 2024.

22. All of the calls came from (801) 493-6500.

23. That is a number used by the Defendant to make telemarketing calls offering its refinancing services and is listed on Defendant's Facebook page.

24. This number has been flagged as a robocall scam by NoMoRobo, the winner of an FCC award. *See* https://www.nomorobo.com/lookup/801-493-6500.

25. Plaintiff Robertson has never done business with Veterans First.

26. The unauthorized solicitation calls that Plaintiff received from Veterans First, as alleged herein, have harmed Plaintiff Robertson in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone.

27. Seeking redress for these injuries, Plaintiff Robertson, on behalf of herself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

28. Plaintiff Robertson brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Veterans First or agents on its behalf called on more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.

**Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Veterans First or agents on its behalf called more than one time on their residential telephone number, (2) within any 12-month period (3) for substantially the same reason Defendant called Plaintiff, (4) including at least once after the person requested that they stop calling.

29. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors;

CLASS ACTION COMPLAINT
-5-

(3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Robertson anticipates the need to amend the Class definitions following appropriate discovery.

30. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

31. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) Whether Defendant and/or its agents placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;
(b) Whether Defendant failed to maintain adequate procedures for honoring requests not to be called;
(c) whether Defendant's conduct violated the TCPA; and
(d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

32. **Adequate Representation**: Plaintiff Robertson will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in class actions. Plaintiff Robertson has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff Robertson and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Robertson nor her counsel have any interest adverse to the Classes.

33. **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief

appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Robertson.

34. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 USC § 227)**
**(On Behalf of Plaintiff Robertson and the Do Not Registry Class)**

35. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

36. The TCPA's implementing regulation, 47 CFR § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

37. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

38. Defendant violated 47 CFR § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Robertson and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do

CLASS ACTION COMPLAINT
-7-

Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

39. Defendant violated 47 USC § 227(c)(5) because Plaintiff Robertson and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 CFR § 64.1200, as described above.

40. As a result of Defendant's conduct as alleged herein, Plaintiff Robertson and the Do Not Call Registry Class suffered actual damages and, under section 47 USC § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 CFR § 64.1200.

41. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 USC § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 USC § 227)**
**(On Behalf of Plaintiff Robertson and the Internal Do Not Call Class)**

42. Plaintiff repeats and realleges paragraphs 1-34 of this Complaint and incorporates them by reference herein.

43. Under 47 CFR § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is

CLASS ACTION COMPLAINT
-8-

made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

44. Defendant placed calls to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow Defendant to initiate telemarketing calls.

45. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations

prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

46. Defendant has, therefore, violated 47 USC § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Robertson individually and on behalf of the Classes, prays for the following relief:

47. An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff Robertson as the representative of the Classes; and appointing her attorneys as Class Counsel;

48. An award of actual and/or statutory damages and costs;

49. An order declaring that Defendant's actions, as set out above, violate the TCPA;

50. An injunction requiring the Defendant to cease directing the calling of consumers' telephone numbers listed on the National Do Not Call Registry for telemarketing purposes, and requiring Defendant to cease directing the calling of consumers for telemarketing purposes after they have asked not to be called;

51. Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Robertson requests a jury trial.

DATED this 15th day of August, 2024.

        **KELLY ROBERTSON**, individually and on behalf of all others similarly situated,

        /s/ *Jeffrey A. Cogan*
        Jeffrey A. Cogan, Esq.
        Nevada Bar No. 4569
        JEFFREY A. COGAN CHARTERED, a PLLC
        1057 Whitney Ranch Drive, Suite 350
        Henderson, Nevada 89014-3191
        Telephone: (702) 474-4220
        Facsimile: (702) 474-4228
        Email: jeffrey@jeffreycogan.com

        Avi R. Kaufman, Esq.*
        Florida Bar No. 84382
        KAUFMAN P.A
        237 South Dixie Highway, Floor 4
        Coral Gables, Florida 33133
        kaufman@kaufmanpa.com
        (305) 469-5881

        *Counsel for Plaintiff and the putative Class*

        *Pro Hac Vice*